PER CURIAM.
This court, by per curiam opinion decided June 16, 1982, affirmed the decision of the bankruptcy court and the district court that appellee, the debtor Kovacs, was entitled, pursuant to 11 U.S.C. § 362 (West Supp. 1979), to an automatic stay of a proceeding in the Common Pleas Court of Butler County, Ohio. In re Kovacs, 681 F.2d 454 (6th Cir.1982). The stay applied to an effort by Ohio to have the debtor’s current income applied to satisfy his obligation, created by a pre-bankruptcy consent decree, to clean up certain industrial waste.
Thereafter, the bankruptcy court and the district court further held that Ohio’s claim against Kovacs is dischargeable, and another panel of this court ultimately affirmed. In re Kovacs, 717 F.2d 984 (6th Cir.1983).
Ohio petitioned for certiorari in the instant case, and Kovacs sought a remand in the Supreme Court on the ground that the issue whether the automatic stay provision applied had become moot since the bankruptcy court and the district court had held the claim to be dischargeable. On January 24, 1983 (No. 82-815) the Supreme Court granted certiorari, vacated the judgment of this court, and remanded to determine mootness. 459 U.S. 1167, 103 S.Ct. 810, 74 L.Ed.2d 1010. This court has taken no action on such remand, awaiting final adjudication of the dischargeability issue.
Thereafter, as stated, this court affirmed the decision of the bankruptcy and district courts that the involved claim is discharge-able. The Supreme Court then granted certiorari and affirmed the decision of this court that the claim is dischargeable. — U.S. -, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985).
*485 Accordingly, it appears to this court that this cause is now moot and the appeal is therefore dismissed.
It is so Ordered.